Filed 2/7/25  P. v. Santana CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HENRY SANTANA,<br><br>Defendant and Appellant. | F086912<br><br>(Super. Ct. No. SUF28053B)<br><br><br>OPINION |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  John D. Kirihara, Judge.  (Retired Judge of the Merced Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Meehan, J.

## INTRODUCTION

Petitioner Henry Santana petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for first degree murder (§ 187). The court determined petitioner did not make a prima facie claim for resentencing because he was convicted as an aider and abettor who acted with intent to kill.

Petitioner contends the court erred in denying the petition because the "equally guilty" instruction given to the jury allowed the jury to convict petitioner under an imputed malice theory eliminated by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437). He further contends the conspiracy instructions were erroneous and allowed him to be found guilty of conspiracy to murder without requiring the jury find he personally harbored the intent to kill.

We conclude the instructions and verdict establish petitioner's ineligibility for resentencing as a matter of law. Accordingly, we affirm.

## BACKGROUND[2]

On July 1, 2004, petitioner and his codefendants, Salvador Ortiz Mendoza and Francisco Orosco Garcia were charged in a first amended information with the murder of Roberto Ramirez (§ 187; count 1), kidnapping of Ramirez (§ 207, subd. (a); count 2), torture of Ramirez (§ 206; count 3), and conspiracy to commit murder (§ 182; count 4). In addition, Mendoza was charged with unlawful possession of a firearm (former § 12021, subd. (c)(1); count 5). As to count 1, the amended information alleged

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts, inasmuch as the underlying facts are not relevant to the issues presented on appeal.

2.

kidnapping and torture special circumstances (§ 190.2, subd. (a)(17), (18)). As to count 2, the amended information alleged a firearm enhancement (§ 12022.53, subd. (b)).

On July 14, 2004, a jury found petitioner and his codefendants guilty on all counts and found the special circumstance allegations and firearm allegation true. Petitioner was sentenced on count 1 to a term of life without the possibility of parole, on count 2 to a concurrent term of 15 years, on count 3 to a concurrent term of life with the possibility of parole, and on count 4 to a consecutive term of 25 years to life.

On appeal, this court ordered the trial court to amend the abstract of judgment to reflect that sentence on counts 2, 3, and 4 was stayed pursuant to section 654. The court also struck a parole revocation fine (§ 1202.45) and made amendments to Mendoza's sentence. In all other respects, we affirmed. (*People v. Mendoza* (Oct. 19, 2007, F046760) [nonpub. opn.].)

On December 6, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed to represent him. The matter was briefed and, at a hearing on September 6, 2023, the court denied the petition as follows.

> "I note that the instructions to the jury did not include an instruction on felony murder, or natural and probable consequences. The code section 1172.6[, subdivision] (a)(1) requires that a complaint in the information or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation.
>
> "This was a prosecution under amended information that led to first-degree murder with special circumstances and conspiracy. And just turning to the conspiracy theory, the prosecution has to prove that -- has to prove specific intent to commit murder can't impute intent and this type of theory. So I don't believe that that prong was met. Certainly defendant was, in fact, convicted of murder, so prong 1172.6[, subdivision] (a)(2) is met.
>
> "Prong number three, the defendant could not presently be convicted of murder because of changes to the Code. He could still be convicted of murder as a direct aider and abettor to murder. He's also found guilty of

conspiracy to commit murder. So even though he was not the actual killer, he was found to have specific intent to kill.

"So based on my analysis, I find that prima facie case in this -- under those facts has not been met."

## DISCUSSION

## I.     Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467– 468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or

4.

she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) " 'If the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition.' " (*Curiel*, *supra*, 15 Cal.5th at p. 450.) However, if the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).)

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid*.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

We review the court's prima facie inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

## II.     Applicable Murder Law

Outside of the felony-murder context, "[m]urder is the unlawful killing of a human being . . . with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188, subd. (a).)

5.

" '[D]irect aiding and abetting is based on the combined actus reus of the participants and the aider and abettor's own mens rea.' " (*People v. Reyes* (2023) 14 Cal.5th 981, 990–991.) " '[U]nder direct aiding and abetting principles, an accomplice is guilty of an offense perpetrated by another [e.g., murder] if the accomplice aids the commission of that offense with "knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends." ' " (*Curiel*, *supra*, 15 Cal.5th at p. 463.) " '[T]o be guilty of attempted murder as an aider and abettor, a person must give aid or encouragement with knowledge of the direct perpetrator's intent to kill and with the purpose of facilitating the direct perpetrator's accomplishment of the intended killing—which means that the person guilty of attempted murder as an aider and abettor must intend to kill.' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054.) Intent to kill may "be inferred from the defendant's acts and the circumstances of the crime." (*People v. Smith* (2005) 37 Cal.4th 733, 741.)

## III. The Conspiracy Conviction Does Not Establish Petitioner's Ineligibility for Resentencing as a Matter of Law

The trial court determined that petitioner's conspiracy conviction established the jury found petitioner had the specific intent to commit murder. Petitioner contends the jury instructions on conspiracy did not require the jury to find he had the specific intent to kill, and the conspiracy conviction therefore does not establish his ineligibility for resentencing as a matter of law.[3] On appeal, the People have abandoned the argument that petitioner's conspiracy conviction supports denial of the petition. We conclude petitioner's argument has merit and his conspiracy conviction does not establish his ineligibility for resentencing as a matter of law.

---

[3] To the extent petitioner purports to challenge his conspiracy conviction in this proceeding, his attempt is misguided. Section 1172.6 does not provide relief for convictions for conspiracy to commit murder. (§ 1172.6, subds. (a), (d)(3); *People v. Whitson* (2022) 79 Cal.App.5th 22, 34.) We therefore consider the effect of this instruction only as to his murder conviction.

## A.    Jury Instructions Given

With regard to conspiracy to commit murder, the jury was instructed in relevant part as follows:

> "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the crime of Murder and with the further specific intent to commit that crime, followed by an overt act committed in this state by one or more of the parties for the purpose of accomplishing the object of the agreement.  Conspiracy is a crime."

The jury also was instructed that "[t]he crime of conspiracy to commit murder requires proof that the conspirators harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being."  With regard to the elements of conspiracy, the jury was instructed:

> "In order to prove this crime, each of the following elements must be proved:
>
> "1.  Two or more persons entered into an agreement to kill unlawfully another human being;
>
> "2.  At least two of the persons specifically intended to enter into an agreement with one or more other persons for that purpose;
>
> "3.  *At least two of the persons* to the agreement harbored express malice aforethought, namely a specific intent to kill unlawfully another human being; and
>
> "4.  An overt act was committed in this state by one or more of the persons who agreed and intended to commit murder."  (Italics added.)

## B.    Analysis

"Conspiracy to commit murder may be based only on express malice, i.e., an intent to kill." (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 642.)  Where a jury is properly instructed on this element of conspiracy, a conspiracy conviction is ordinarily sufficient to establish that a section 1172.6 petitioner was convicted of murder under a valid theory, and thus to establish the petitioner's ineligibility for resentencing as a matter of law.  (*People v. Medrano* (2021) 68 Cal.App.5th 177, 183.)

7.

Here, however, the instructions required that the jury find only that "[*a*]*t least two of the persons* to the agreement harbored express malice aforethought." (Italics added.) Our Supreme Court has held that such instruction "is appropriate when a conspiracy involves the ' " 'feigned participation of a false coconspirator or government agent.' " ' " (*People v. Garton* (2018) 4 Cal.5th 485, 516.) However, "[a]sking the jury to find specific intent for 'at least two' conspirators in a conspiracy with more than two members, none of whom is feigning involvement, could potentially lead a jury to find an individual conspirator guilty without finding that he or she possessed a specific intent to agree or to kill." (*Ibid.*)

Here, petitioner and two codefendants were tried and convicted on the conspiracy charge. Thus, the conspiracy in the instant case involved more than two members who did not feign their involvement in the conspiracy. Because the instructions did not require the jury to find *each* codefendant harbored the intent to kill, the verdict does not establish the jury found all three codefendants acted with such intent. Because we cannot determine from the conspiracy verdict that the jury found petitioner acted with intent to kill, the conspiracy conviction does not establish his ineligibility for resentencing as a matter of law. (*People v. Whitson*, *supra*, 79 Cal.App.5th at p. 32 [where jury is not instructed that it must find a defendant intended to commit murder, a conspiracy conviction does not bar a § 1172.6 petition for resentencing].)

## IV. The Remaining Instructions Establish Petitioner's Ineligibility for Resentencing as a Matter of Law

Because petitioner's conspiracy conviction does not establish his ineligibility for resentencing as a matter of law, we consider whether the remaining instructions establish the jury found petitioner guilty of murder under a still-valid theory. In this context, we consider, and reject, petitioner's argument that the "equally guilty" language in the aiding and abetting instruction permitted the jury to find petitioner guilty of murder under an imputed malice theory eliminated by Senate Bill No. 1437.

8.

## A.    Jury Instructions Given

With regard to aiding and abetting, the jury was instructed:

"Persons who are involved in committing a crime are referred to as principals in that crime.  Each principal, regardless of the extent or manner of participation is *equally guilty.*  Principals include:

"1. Those who directly and actively commit the act constituting the crime, or

"2. Those who aid and abet the commission of the crime."  (Italics added.)

Additionally, the jury was instructed, in relevant part:

"A person aids and abets the commission of a crime when he or she:

"(1) With knowledge of the unlawful purpose of the perpetrator, and

"(2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and

"(3) By act or advice aids, promotes, encourages or instigates the commission of the crime."

The jury also was instructed:

"Merely assenting to or aiding or assisting in the commission of a crime without knowledge of the unlawful purpose of the perpetrator and without the intent purpose of committing, encouraging or facilitating the commission of the crime is not criminal.  Thus a person who assents to, or aids, or assists in, the commission of a crime without that knowledge and without that intent or purpose is not an accomplice in the commission of the crime."

With regard to murder, the jury was instructed that "[e]very person who unlawfully kills a human being with malice aforethought, is guilty of the crime of murder . . . ."  The instructions further provided:

"A killing is unlawful, if it was neither justifiable nor excusable.

"In order to prove this crime, each of the following elements must be proved:

9.

"1. A human being was killed;

"2. The killing was unlawful; and

"3. *The killing was done with malice aforethought*." (Italics added.)

The jury was instructed that malice may be express or implied, and that "[m]alice is express when there is manifested an intention unlawfully to kill a human being." No further instruction was provided regarding implied malice. The jury also was instructed that a willful, deliberate, and premeditated killing with express malice constitutes first degree murder.[4]

With regard to the special circumstances, the jury was instructed it was required to "decide separately as to each of the defendants the existence or nonexistence of each special circumstance alleged in this case." The jury further was instructed, in relevant part:

> "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant *unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree*." (Italics added.)

With regard to the kidnapping special circumstance, the jury was instructed that the People were required to prove:

> "1a. The murder was committed while a defendant was engaged in or was an accomplice in the commission or attempted commission of kidnapping in violation of section 207;
>
> "and
>
> "2. *The perpetrator of the slaying had the specific intent to kill*." (Italics added.)

---

[4] However, petitioner's jury was not asked to make a finding as to willfulness, deliberation, or premeditation.

10.

With regard to the torture special circumstance, the jury was instructed that the People were required to prove:

> "1. *The murder was intentional*; and

> "2. A defendant intended to inflict extreme cruel physical pain and suffering upon a living human being for the purpose of revenge, extortion, persuasion or for any sadistic purpose; and

> "3. The defendant did in fact inflict extreme cruel physical pain and suffering upon a living human being no matter how long its duration." (Italics added.)

No instructions were given on the natural and probable consequences doctrine or the former felony-murder rule.

## B.     Analysis

The jury instructions on the elements of murder, as well as the elements of the kidnapping and torture special circumstances, required only that the actual killer acted with express malice.[5] Accordingly, these instructions do not establish that petitioner was convicted of aiding and abetting murder under a still-valid theory.

However, the more general special circumstance instruction informed the jury that it could not find a special circumstance true as to an aider and abettor or coconspirator unless it also found that specific defendant, "with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." Thus, to find the special circumstance true as to petitioner, the jury was required to find that he aided and abetted in the commission of first degree murder with the intent to kill. Additionally, to find that he aided and abetted in the commission of first degree murder, the jury was required to find that petitioner knew of the perpetrator's unlawful purpose, intended to commit or encourage

---

[5] The parties do not assert that petitioner was the actual killer or that the jury so found.

or facilitate the commission of the crime, and did in fact aid in the commission of the crime. The special circumstance instruction specified that the crime at issue was murder in the first degree. In the absence of any instruction on the natural and probable consequences doctrine or the former felony-murder rule, the jury could not have found the special circumstance true as to petitioner without finding all elements required for aiding and abetting first degree murder under an express malice theory.

The "equally guilty" language contained in the instructions regarding principals does not alter our analysis. The jury was informed that "[e]ach principal, regardless of the extent or manner of participation is *equally guilty.*" (Italics added.) It is well settled that such instruction may, in "unique circumstances," mislead a jury to conclude that an aider and abettor is guilty of the same crime as a direct perpetrator, even if the aider and abettor has a less culpable mental state. (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1165; see *id.* at p. 1164.) Here, however, principals were defined to include "[t]hose who aid and abet the commission of the crime." Aiders and abettors were defined as those who possess the requisite knowledge and intent. And, the special circumstance instruction required a finding that petitioner aided and abetted in the commission of first degree murder with intent to kill. Together, these instructions foreclosed the possibility that the jury relied on the "equally guilty" language to convict petitioner under an imputed malice theory eliminated by Senate Bill No. 1437.

In sum, the instructions and verdict establish the jury found petitioner aided and abetted in the murder with intent to kill. Accordingly, he is ineligible for resentencing and the court did not err in denying the petition.

## DISPOSITION

The order is affirmed.